IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-969-HE |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits and supplemental security income benefits. Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

**I. PROCEDURAL HISTORY**

Plaintiff filed her applications for disability insurance and supplemental security income benefits on November 8, 2002, alleging that she became disabled as of March 18, 1997, due to "the severe affects [sic] of back, hand and wrist pain as well as abdominal problems." Plaintiff's Opening Brief, p. 2 (citing Tr. 61); see also Tr. 50-52, 68, 388-92. The applications were denied on initial consideration and on reconsideration at the

administrative level.  Tr. 25, 26, 27-29, 32-34, 393, 394-96, 397, 398-99.  Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on October 26, 2004.  Tr. 35-36, 406-35.  Plaintiff appeared in person with an attorney and offered testimony in support of her applications.  Tr. 408, 410-27, 429-31, 434.  A vocational expert also testified at the request of the administrative law judge. Tr.46-49, 428-29, 432-34.  The administrative law judge issued his decision on January 28, 2005, finding that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to benefits. Tr. 11-13, 14-21.  The Appeals Council denied Plaintiff's request for review on July 15, 2005, and so the decision of the administrative law judge became the final decision of the Commissioner.  Tr. 6-9.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.  However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).  The Commissioner follows a five-step sequential evaluation process

to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, & n. 2.  If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

### III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 15.  He first found that although Plaintiff had worked since her alleged disability onset date, it did not appear to be at the level considered to be "substantial gainful activity," and so he moved on to step two of the sequential process. Tr. 16, 20. At steps two and three, the administrative law judge found that Plaintiff suffered from bilateral carpal tunnel syndrome, hypertension, diabetes, and degenerative back disease, and that although these disorders were severe, they were not severe enough to meet or equal the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 16-18, 20.  The administrative law judge specifically noted that he had considered the severity requirements for Listings 1.02, 1.04, the cardiovascular listings, the digestive listings, and the endocrine listings.  Tr.17. He next found that Plaintiff had the residual functional capacity (RFC) to lift and carry twenty pounds occasionally and ten pounds frequently, and to walk/stand and sit six hours in an eight-hour day. Tr. 19, 20.  He found her to be limited to occasional stooping.  Id.  He found that even if she had a mild to moderate amount of anxiety, fatigue and discomfort, she would be able to work within this RFC. Tr. 19.  Based

on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was able to perform her past relevant work as a telephone solicitor, general office clerk, and receptionist. Tr. 20-21. Thus, the administrative law judge found that Plaintiff was not disabled and was not entitled to benefits. Id.

**A.  ISSUES ON APPEAL**

Plaintiff urges one issue on appeal: that the administrative law judge erred in his credibility assessment. She claims that although the administrative law judge acknowledged his duty to evaluate her allegations of pain under the applicable law, he provided "little analysis except to say that since claimant has normal MRI and EMG studies and the physician exams reveal no major complaints or concerns ... her pain is not severe." Plaintiff's Opening Brief, p. 6. Plaintiff claims that "[t]hereafter," the administrative law judge's "pain evaluation ceased." Id. The Commissioner responds that the administrative law judge's assessment of Plaintiff's credibility was based upon a thorough review of the record, including medical evidence, Plaintiff's own description of her limitations, and her daily activities. Response Brief, p. 4-5.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1. Such credibility determinations are peculiarly the province of the finder of fact, and they will

not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same). Some of the factors that may be considered in assessing a claimant's credibility as to her disabling pain include (1) her daily activities; (2) the location, duration, frequency, and intensity of her pain; (3) factors that precipitate and aggravate the pain; (4) the type, dosage, effectiveness, and side effects of any medication she receives or has received for relief of pain; (5) treatment, other than medication, the claimant has received for relief of pain; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms. Social Security Ruling 96-7p, 1996 WL 374186, * 3; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). He is not, however, required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record. Id.  Here, the administrative law judge acknowledged the governing standard and then concluded:

> the claimant's allegations of disabling pain and discomfort are not supported by credible facts and findings from which it can be concluded that she has an impairment that could reasonably be expected to cause the degree of pain and discomfort which she alleged. The description of the symptoms and limitations which the claimant has provided through the record has generally been inconsistent and unpersuasive. Dr. Barrett reported on February 24, 2004 that based on MRI of her spine there was no obvious cause for her reported pain. EMG in November 2004 did not reveal any cause of the pain symptoms present in her left lower extremity. Dr. Barrett screened for rheumatologic problems and testing was negative. At a consultative exam no swelling or erythemia was noted in any joints. She could effectively manipulate small objects and grasp tools. Treatment

> records of Waddah N. Nassar, M.D., dated March 14, 2003 indicate the purpose of the claimant's visit was to follow up on lab, and she had no major complaints or concerns. The record reflects no actual treatment for irritable bowel syndrome. On numerous visits, she denied diarrhea, constipation, or stool incontinence, which is inconsistent with her testimony at the hearing. She did not follow through with recommended treatment of carpal tunnel surgery, which suggests that the symptoms may not have been as serious as alleged. The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. She testified at the hearing that she cleans house, washes dishes, does laundry, goes to the store, and attends church. A review of the claimant's work history shows that she worked only sporadically prior to the alleged disability onset date, which raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments. She has a history of neuromas of the feet that did not prevent the claimant from working in the past, which strongly suggests that this impairment would not currently prevent work. Although the claimant did experience some pain and discomfort, the Administrative Law Judge was not persuaded that it rose to a level of severity and was of such duration and intensity to preclude her from engaging in all substantial gainful activity.
>
> . . .
>
> Even with a mild to moderate amount of anxiety, fatigue and discomfort, the claimant would be able to work within this residual functional capacity.

Tr. 18-19 (citations omitted).

In light of the above, the undersigned finds that Plaintiff has mischaracterized the administrative law judge's credibility analysis. Far from providing "little analysis," the decision obviously provides detailed and numerous reasons for the administrative law judge's credibility determination. Moreover, the administrative law judge recognized that Plaintiff suffers from discomfort as a result of her impairments, as he specifically found that even a person with mild to moderate discomfort could work within the RFC assessment. Tr. 19. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988) (disability requires more than mere inability to work without pain). Thus, the undersigned finds

that the administrative law judge's credibility analysis is sufficient, and that the final decision of the Commissioner of Social Security Administration should be affirmed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcripts of the administrative hearings, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by May 17, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 27th day of April, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE